IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DOROTHY CORBIN; et al.                                                             PLAINTIFFS

vs.                                                               No. 4:04CV337-D-B

AMERICAN INTERNATIONAL GROUP, INC.; et al.               DEFENDANTS

OPINION GRANTING IN PART MOTION TO REMAND

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Washington County, Mississippi. Upon due consideration, the court finds that the motion should be granted in part and denied in part.

*A. Factual Background*

The Plaintiffs separately entered into various consumer loan and credit insurance agreements with the Defendants. The Plaintiffs filed a complaint in the Circuit Court of Washington County on August 31, 2004, alleging, *inter alia*, fraudulent misrepresentation and negligence in connection with the subject loan and insurance transactions.

The Defendants removed the suit to this court on November 8, 2004, asserting federal diversity jurisdiction, bankruptcy jurisdiction, and federal question jurisdiction as the jurisdictional bases for removal. The Plaintiffs subsequently motioned the court to remand this matter to state court, contending that federal diversity jurisdiction does not exist because the amount in controversy requirement has not been satisfied, that bankruptcy jurisdiction does not exist over all of the Plaintiffs' claims, and that federal question jurisdiction does not exist.

*B. Standard for Remand*

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). The

Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000). Original federal question jurisdiction exists when one or more of a plaintiff's claims arise under federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

1. Diversity Jurisdiction

In cases such as this one, where the plaintiffs concede that the action is between citizens of different States but assert that diversity jurisdiction does not exist because the amount in controversy for each plaintiff is less than $75,000, the plaintiffs' claim for damages - as set forth in the complaint - remains presumptively correct unless the removing defendants can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412.

As a result, unless the defendants can meet their burden, the plaintiffs may avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the minimum federal jurisdictional amount. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S.Ct. 586, 82 L. Ed. 845 (1938) (holding that plaintiff who does not "desire to try his case in federal court ... may resort to the expedient of suing for less than the jurisdictional amount, and though he would

be justly entitled to more, the defendant cannot remove."); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) ("[I]f a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal.").

If the removing defendants are able to establish that the amount in controversy exceeds $75,000, removal of the cause is deemed proper unless the plaintiffs show that, as a matter of law, it is legally certain that they will not each be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. In other words, if the removing defendants can establish by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must then appear to a "legal certainty" that the plaintiffs' claims are for less than the jurisdictional amount; otherwise, the federal jurisdictional amount is deemed to have been met. De Aguilar, 47 F.3d at 1412.

## 2. Bankruptcy Jurisdiction

Regarding bankruptcy removal jurisdiction, 28 U.S.C. §1334(b) provides:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. §1334(b).

In construing the scope of 28 U.S.C. §1334(b), the Fifth Circuit has made clear that federal district courts have original jurisdiction of claims that are at least "related to" a bankruptcy case; further, a party may remove such claims from state court to federal court. In re Wood, 825 F.2d 90, 93 (5th Cir. 1987); 28 U.S.C. §1452. A proceeding is related to a bankruptcy if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.

Wood, 825 F.2d at 93; In re Walker, 51 F.3d 562, 569 (5th Cir. 1995). More specifically, a proceeding is deemed to be related to a bankruptcy if the proceeding's outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively), and in any way impact upon the handling and administration of the bankruptcy estate. Walker, 51 F.3d at 569. For federal jurisdiction to attach under Section 1334(b), therefore, the anticipated outcome of the action must both: (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate. In re Bass, 171 F.3d 1016, 1022 (5th Cir. 1999).

### 3. Federal Question Jurisdiction

Whether a claim arises under federal law so as to confer federal question jurisdiction under 28 U.S.C. § 1331 is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Because the well-pleaded complaint rule provides for the determination of jurisdiction solely on the basis of the plaintiff's complaint, the rule makes the plaintiff master of the claim, and federal jurisdiction may be avoided by exclusive reliance on state law. Caterpillar, 482 U.S. at 392.

The well-pleaded complaint rule is limited in some circumstances, however, by the "artful pleading" doctrine. This doctrine states that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L. Ed. 2d 420 (1983). If a court concludes that a plaintiff has artfully pled claims in this fashion, the court may uphold removal if the federal law in question completely preempts the plaintiff's state law claims. Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., 271

F.3d 186, 188 (5th Cir. 2001); Waste Control Specialists, LLC v. Envirocare of Texas, Inc., 199 F.3d 781, 783 (5th Cir. 2000) (citing Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475, 118 S.Ct. 921, 925, 139 L. Ed. 2d 912 (1998)). In other words, if Congress has completely preempted a particular area of the law, any civil complaint raising a claim in that area is necessarily federal in character. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63, 107 S.Ct. 1542, 1545-46, 95 L. Ed. 2d 55 (1987). A federal cause of action is then, in effect, substituted for the plaintiff's state law claim, making it one that arises under federal law, thereby conferring removal jurisdiction upon the federal court.

## C. Discussion

### 1. Diversity Jurisdiction

According to the ad damnum clause in their complaint, the Plaintiffs in this action do not seek damages in excess of $75,000.00.[1] And, as noted above, in diversity cases, federal courts possess subject matter jurisdiction only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs . . ." 28 U.S.C. § 1332(a).

As noted above, it is axiomatic that the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961). Here, the Defendants have not presented sufficient evidence to the court indicating that the Plaintiffs have not acted in good faith in seeking less than the minimum federal jurisdictional amount. In addition, the Defendants fail to proffer any credible evidence leading to the conclusion

---

[1] The Plaintiffs seek damages of $74,900 each, $100.01 less than the federal jurisdictional minimum.

that the actual amount in controversy in this action exceeds $75,000.00. Indeed, the Defendants merely state that "Plaintiffs seek damages in excess of $75,000.00," despite the complaint's clear language to the contrary. The burden on the Defendants, as noted above, is to establish by a preponderance of the evidence, and not through mere conjecture or surmise, that the amount in controversy in this matter is actually greater than the minimal jurisdictional amount. The court finds that the Defendants have failed to meet their burden.

In addition to finding that the Defendants have not met their burden of showing that the amount in controversy in this action actually exceeds the jurisdictional limit, the court discerns no evidence of a lack of good faith on the part of the Plaintiffs; each Plaintiffs' damages appear to be less than $75,000, and the Plaintiffs' complaint plainly and unambiguously states that they each seeks damages of only $74,900. As such, the court determines the amount in controversy from the Plaintiffs' complaint, which does not claim damages in excess of the federal jurisdictional minimum amount. Federal diversity jurisdiction, therefore, does not exist in this action.

2. Federal Question Jurisdiction

The Defendants' Notice of Removal asserts that the Plaintiffs have artfully pled state law claims that necessarily arise under various federal laws, including the Truth in Lending Act, thereby rendering removal of this case proper. For their part, the Plaintiffs specifically disclaim relief under any federal statute.

In <u>Waste Control Specialists, LLC v. Envirocare of Texas, Inc.</u>, the district court denied the plaintiff's motion to remand upon concluding that although the plaintiff had pled solely state antitrust and business tort claims, a federal antitrust claim had effectively been alleged because, even though there was no complete federal preemption, the plaintiff's claim was not viable under state

law and the only possible claim it had was thus a federal one. Waste Control Specialists, 199 F.3d at 782-83. The Fifth Circuit reversed the district court and held that, in the absence of complete preemption, the plaintiff remains the master of her complaint. Id. at 784; see also Terrebonne Homecare, 271 F.3d at 188. In so ruling, the Fifth Circuit confirmed that the practice of a removal court seeking to determine whether the real nature of a claim is federal, regardless of the plaintiff's characterization, is correctly confined to areas of the law completely pre-empted by federal substantive law. See Waste Control Specialists, 199 F.3d at 783-84 ("Without complete preemption, the artful pleading doctrine does not apply."); Terrebone Homecare, 271 F.3d at 188-89 ("The artful pleading doctrine does not apply, however, unless federal law completely preempts the field.").

Here, the court finds that it is axiomatic that the federal Truth in Lending Act does not completely preempt any of the Plaintiffs' state law claims. The United States Supreme Court has found only a few areas of complete preemption - including claims within the Employee Retirement and Income Security Act, claims within the Railway Labor Act, and certain claims within the Labor Management Relations Act - none of which have been invoked in this case. See Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 263, 114 S.Ct. 2239, 2249, 129 L. Ed. 2d 203 (1994); Metropolitan Life, 481 U.S. at 62-67; Avco v. Aero Lodge No. 735, 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L. Ed. 2d 126 (1968). In addition, some lower federal courts have held that other federal acts, none of which are implicated in this case, completely preempt state law actions. See, e.g., Potter v. Delta Air Lines, Inc., 98 F.3d 881, 884 (5th Cir. 1996) (Warsaw Convention); Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 232 (4th Cir. 1993) (Copyright Act); Stamps v. Collagen Corp., 984 F.2d 1416, 1420 (5th Cir. 1993) (Federal Medical Device Act).

Accordingly, in light of the Fifth Circuit's explanation of the limited role of the artful

C:\Documents and Settings\lawrence\Local Settings\Temp\notesCF0BC1\corbin.opinion.fin.051005.wpd

7

pleading doctrine in federal question jurisdiction analysis, and the express recognition of the Plaintiffs' right - as master of their complaint - to avoid federal jurisdiction by electing to proceed solely under state law in their state court action, the court concludes that none of the Plaintiffs' claims arise under federal law. The Plaintiffs pled only state law causes of action in their complaint and they are not relying on federal law to support any of their claims; all of their claims, therefore, arise under and will succeed or fail based solely on state law. Thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is not present.

### 3. Bankruptcy Jurisdiction

The parties agree that five of the Plaintiffs have declared bankruptcy and are currently involved in bankruptcy proceedings. Thus, the court concludes that the claims of the bankrupt Plaintiffs - Robert Beckley, Roger Daniels, Ginie Garth, Darlene Smith, and Bruce Whitfield - should be severed from the claims of the non-bankrupt Plaintiffs pursuant to Rule 21 of the Federal Rules of Civil Procedure.[2] In connection with the severance of those claims, the court shall deny the Plaintiffs' motion to remand the claims of the bankrupt Plaintiffs because the court has bankruptcy jurisdiction over those claims pursuant to 28 U.S.C. § 157(b)(2)(O) and 28 U.S.C. § 1334(b) and (e). Dixon v. First Family Fin. Services., 276 B.R. 173, 181-82 (S.D. Miss. 2002).

The court finds, however, that it should not exercise bankruptcy jurisdiction over the claims of any of the non-bankrupt Plaintiffs. See Bailey v. MS Life Ins. Co., No. 4:02CV170-D-B, at *2 (N.D. Miss. March 4, 2003); Ashford v. Industrial Fin. Corp., No. 3:02CV1165LN, at *3 (S.D. Miss. Dec. 4, 2002). Accordingly, the court shall remand the claims of the non-bankrupt Plaintiffs to state

---

[2]Rule 21 provides in pertinent part that "[a]ny claim against a party may be severed and proceeded with separately." See Fed. R. Civ. P. 21.

court, and shall retain jurisdiction over the claims of the bankrupt Plaintiffs. This relief has been granted in at least four recent cases with facts similar to the case *sub judice*. See Coleman v. MS Loan Center, Inc., No. 1:02CV451-D-D (N.D. Miss. July 21, 2003) (order granting in part motion to remand); Bailey v. MS Life Ins. Co., No. 4:02CV170-D-B (N.D. Miss. March 4, 2003) (same); Ashford v. Industrial Fin. Corp., No. 3:02CV1165LN (S.D. Miss. Dec. 4, 2002) (same); Ducksworth v. First Family Fin. Services., Inc., No. 2:01CV7PG (S.D. Miss. June 1, 2001) (same).

*D. Conclusion*

In sum, the court finds that while bankruptcy jurisdiction over the claims of the five bankrupt Plaintiffs exists, neither bankruptcy jurisdiction nor federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332 exists over the claims of the non-bankrupt Plaintiffs. As such, this court shall sever the claims of the bankrupt Plaintiffs from the claims of the non-bankrupt Plaintiffs, retain jurisdiction over the claims of the bankrupt Plaintiffs, and grant the Plaintiffs' motion to remand the non-bankrupt Plaintiffs' claims because the court does not possess subject matter jurisdiction to adjudicate those claims. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

A separate order in accordance with this opinion shall issue this day.

This the 10th day of May 2005.

/s/ Glen H. Davidson
Chief Judge